UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BETTY A. TAYLOR,            )
                            )
            Plaintiff,      )
                            )
       vs.                  )   No. 1:13-cv-162-SEB-TAB
                            )
CAROLYN W. COLVIN,          )
                            )
            Defendant.      )

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel January 16, 2014, for an oral argument on Plaintiff's claim for disability benefits. Set forth below is the Court's oral ruling from the bench following that argument. As set forth below, the Magistrate Judge recommends that the ALJ's decision be affirmed, and that judgment be entered against the Plaintiff and in favor of the Defendant. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

THE COURT: Okay, with the benefit of the briefs and the argument just held, I will now issue my recommended decision in this case.

The procedural history of the Plaintiff's claim is important in this case, and it's somewhat interesting. The history includes a separate disability application for which Plaintiff was awarded disability benefits as of January 30th, 2009.

1

So the disability period in this case is from the alleged onset date of June 30th, 1993, through January 30th, 2009. The Plaintiff was last before the Court in Cause No. 09-625.

In a September 27th, 2010 order, the Court remanded this case to the Commissioner noting that the ALJ, in a February 2009 decision, had not obtained a medical opinion regarding whether Plaintiff's mental condition medically equaled a listing.

The Court expressly affirmed the ALJ's decision in all other respects; specifically, the Court rejected Plaintiff's arguments that the ALJ had denied Plaintiff constitutional due process, that her condition met or equaled a listing 12.03(c) or listing 12.05(c), mental retardation; that the ALJ had ignored evidence proving that she was disabled; that the ALJ had erred in evaluating her credibility, and that the ALJ had erred in making her five-step determination.

Plaintiff now argues in this case that her condition met or medically equaled listing 12.03 or 12.05, and the ALJ erred in evaluating her credibility, and that the ALJ erred in evaluating her claim at Step 5 of the sequential evaluation process.

As noted, this Court has already affirmed the previous ALJ's decision on all three of those bases, entered judgment, and even denied Plaintiff's claim for EAJA fees, reiterating that the Court rejected these claims. See cause No. 09-625, Docket Nos. 25, 26, and 40. The ALJ also noted the limited issue on remand that's in the transcript at pages 9 and 13.

Plaintiff's arguments should therefore be barred by the law of the case. Plaintiff has made no compelling argument that any other result is appropriate. See the case of Key versus Sullivan, 925 F.2d 1025, 1060 through 61, Seventh Circuit 1991.

Plaintiff claims in a single paragraph in her reply brief at Docket No. 27, pages five through six, that the Law of the Case Doctrine is inapplicable because of substantial new evidence consisting of the evaluations by Dr. Greene and by Dr. Larsen. That's Greene, G-R-E-

E-N-E, and Larsen, L-A-R-S-E-N. But as we will see, these opinions relate to Plaintiff's condition after January 30th, 2009, and thus, do not constitute substantial new evidence relevant to the issue before the Court.

Even if the Court were to overlook this significant hurdle, the record reflects that consistent with the Remand Order, the ALJ obtained the testimony of Michael E. Carney, Ph.D., a psychologist. Dr. Carney stated that the record did not contain evidence that Plaintiff's mental condition met or equaled a listing between 1993 and January 2009. That's in the transcript at pages 52 and 53.

Plaintiff does not meaningfully discuss Dr. Carney's testimony as was acknowledged during oral argument, even though the ALJ relied on it heavily and discussed it at length at pages 114 and 115 of the transcript. Plaintiff's opening brief makes only a brief reference to Dr. Carney at page 11, and Plaintiff's reply brief contains only a single reference that I could find on page four.

This is wholly inadequate, particularly given the significance of Dr. Carney's testimony. Plaintiff's abbreviated response or, excuse me, abbreviated reference to Dr. Carney does not mention the significant qualification in his testimony. Dr. Carney testified that the test Plaintiff took in 1980, which showed Plaintiff's IQ in the 60s, was valid for a child who was eight years old, but that a test taken later when she was 13 years old, in which showed IQ scores in the middle 70s, was a far more valid indicator. That's in the transcript at page 54.

Dr. Carney also found significant that Plaintiff's grades fluctuated, and that she sometimes got grades of B or B plus, suggesting nonintellectual factors such as motivation rather than mental retardation. Transcript at page 48.

Given that the ALJ relied on this testimony, Plaintiff cannot reasonably challenge the ALJ's Step 3 determination without articulating why the ALJ should not have relied upon it. Instead, the Plaintiff emphasizes the opinions of Dr. Greene and Dr. Larsen who examined the Plaintiff on April 8th and April 7th, 2009, respectively.

However, that evidence post-dates the agency's determination that Plaintiff became disabled on January 30th, 2009. Therefore, the ALJ correctly observed that "Analysis of the record as existing subsequent to January 30th, 2009 is not necessary to the instant adjudication." Transcript at 116.

Plaintiff claims that the ALJ should have considered the evaluations by Drs. Greene and Larsen because they were dated only three months after the period ending January 30th, 2009 at issue here, and because the evaluations considered Plaintiff's symptoms for many years before January of 2009.

I disagree. It's beyond dispute that the evaluations by Drs. Larsen and Greene post-date the disability period at issue here; therefore, these records necessarily make a conclusion about the Plaintiff's condition for a time period not properly before the ALJ in making his disability determination. For example, Dr. Larsen's evaluation expressly states that the assessment is from January 30th, 2009, to current. It's in the transcript at 604.

Plaintiff also cites to a psychiatric evaluation from Midtown Community Mental Health, which is dated March 15th, 2010. That's in the record at Docket No. 19 at page seven, which cites the transcript at 657.

Because these evaluations came after the at-issue disability period, the ALJ had a valid basis for finding that they were not necessary for the adjudication before him. Plaintiff's

contention that Drs. Greene and Larsen considered Plaintiff's symptoms for many years before the dates of their evaluations does not change the outcome.

The ALJ was fully aware of and appropriately considered Plaintiff's condition prior to January of 2009. Dr. Carney testified about Plaintiff's condition and limitations prior to January of 2009 in the transcript at pages 45 through 56, and the ALJ relied on Dr. Carney's testimony at length at pages 114 and 115 of the transcript. As a result, I find the ALJ's decision is supported by substantial evidence, and that it should be affirmed.

Finally, arguments concerning the ALJ's credibility analysis and the ALJ's five-step determination failed for the same reasons as her three-step argument, that they rely entirely upon the reports rendered after the date on which Plaintiff was found to be disabled.

So for these reasons, I recommend that the ALJ's decision be affirmed. Any objection to this recommendation should be filed within 14 days after the transcript is filed.

Dated: 1/29/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

James B. Geren
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
james.geren@ssa.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov