UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BETTY A. TAYLOR,                          )
                                          )
                    Plaintiff,            )
                                          )
          vs.                             )
                                          )          No. 1:13-cv-00162-SEB-TAB
CAROLYN W. COLVIN,                        )
                                          )
                    Defendant.            )

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is an action for judicial review of the final decision of Defendant Commissioner of

Social Security ("Commissioner") denying Plaintiff Betty Taylor disability benefits for the

period from June 30, 1993 through January 30, 2009. As discussed below, once the

Commissioner's denial became final, Plaintiff appealed that decision and the matter was referred

to Magistrate Judge Baker, who issued a Report and Recommendation that the decision of the

Administrative Law Judge ("ALJ") be affirmed and that judgment be entered against her. This

cause is now before the Court on Plaintiff's Objections to the Magistrate Judge's Report and

Recommendation. For the reasons detailed herein, Plaintiff's objections are OVERRULED and

we ADOPT the Report and Recommendation of the Magistrate Judge.

        **I.      Background**

        Plaintiff filed an application for disability benefits in March 2006. In February 2009, an

ALJ denied that application and Plaintiff exercised her right to judicial review.[1] In September

---

[1] Also in February 2009, Plaintiff filed a separate application for disability benefits for a period *beginning* on
January 30, 2009. Based on two psychological evaluations by Drs. Greene and Larsen in April 2009, Plaintiff was
deemed disabled for this period and awarded benefits.

2010, this Court remanded the case to the Commissioner noting that the ALJ had not obtained a medical opinion regarding whether Plaintiff's mental condition medically equaled a listed impairment. The Court affirmed the ALJ's other conclusions, rejecting Plaintiff's arguments that the ALJ had denied her due process, that her condition met or equaled Listings 12.03(c) of 12.05(c), that the ALJ had ignored evidence proving that Plaintiff was disabled, that the ALJ had erred in evaluating her credibility, or that the ALJ had erred in conducting the five-step sequential evaluation.

On remand and reconsideration, the ALJ obtained the testimony of a psychologist, Dr. Carney, who opined that the record did not contain evidence that the Plaintiff's mental condition met or equaled a listing between 1993 and January 2009. Therefore, in June 2012, the ALJ issued another finding that Plaintiff had not been disabled during the relevant period.

Once again, Plaintiff exercised her right to judicial review. As noted above, the matter was referred for consideration to Magistrate Judge Baker who issued a Report and Recommendation that the Commissioner's decision be upheld. Specifically, the Magistrate Judge rejected Plaintiff's attempts to re-argue various issues previously resolved by the district court, citing to the law of the case doctrine as explained by the Seventh Circuit in Key v. Sullivan, 925 F. 2d 1056, 1060 (7th Cir. 1991) ("The gist of the doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case. This consistency protects parties "from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."). The Magistrate Judge found the ALJ "was fully aware of and appropriately considered Plaintiff's condition prior to January of 2009" based on his extensive discussion of Dr. Carney's testimony.

The Magistrate Judge also rejected Plaintiff's attempt to use evidence that post-dated the relevant period of disability, including the evaluations of Drs. Greene and Larsen, to challenge the ALJ's determination.

## II.      Standard of Review

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. Rice v. Barnhart, 384 F.3d 363, 368–369 (7th Cir. 2004); Lopez ex rel. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Dixon v. Massanari, 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." Lopez, 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. Dixon, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. See SEC v. Chenery Corp., 318 U.S. 80, 93–95 (1943); Tumminaro v. Astrue, 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements de novo, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and

recommendation to which timely objections have not been raised by a party.  See Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 759–761 (7th Cir. 2009).

**III.    Discussion**

Plaintiff objects to the Report and Recommendation of the Magistrate Judge contending that the ALJ's failure to consider the evaluations by Drs. Greene and Larsen warrants remand. As noted above, these evaluations were conducted in April 2009 and informed the decision to award Plaintiff disability benefits for the period beginning on January 30, 2009.  In noting each of these evaluations, the ALJ found nonetheless that "analysis of the record as existing subsequent to January 30, 2009 is not necessary to the instant adjudication."  R. at 116.

We find no fault with the ALJ's determination.  Plaintiff cites the Seventh Circuit's decision in Wilder v. Apfel, 153 F.3d 799 (7th Cir. 1998) as support for her argument that the evaluations of Drs. Greene and Larsen should have been considered as evidence of her disability prior to January 30, 2009.  That case, however, is inapposite, given the holding by the Seventh Circuit that while a diagnosis of mental illness may not require contemporaneous medical documentation, contemporaneous corroboration of the mental illness is required.  Plaintiff cites no such corroborating evidence, choosing to entirely ignore the testimony of Dr. Carney, who, as noted above, determined that the record did not contain any such evidence. R. at 52-53.

For the reasons detailed herein, Plaintiff's objections to the Magistrate Judge's Report and Recommendation are OVERRULED and we ADOPT the recommendations set forth in the Magistrate Judge's Report and Recommendation.  Final judgment shall enter in favor of Defendant.

IT IS SO ORDERED.

Date: 3/24/2014

_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

James B. Geren
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
james.geren@ssa.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov